OPINION OF THE COURT — by the
Ilox JOHN TAYLOR.
This is a writ of error, to the superior court of Wilkinson county. The errors assigned are.
1st. There was no original writ.-
2nd. No date, on which the promises should have bean made, nor sum of money mentioned in the declaration.
3d. The jury ought to have been sworn to try the issue, whereas they were sworn to give a true verdict. On the first and third errors, whether the want of an original process, to bring the party into court, could in any way be taken advantage of, after the party appeared, and took de-fence, is very doubtful. If it could, it must be after such a suggestion on the record-, and so sustained on a writ of certiorari, for the leading process, makes no part of the record, unless made so in this way. As to the third error'; on an inspection of the record, it appears, not only substantially, but formally correct. After setting forth the issues joined in the cause, it goes on to state, that the jury were sworn to enquire of the premises.
With respect to the second error assigned, it certainly would have been fatal on a special demurrer, but the court are of opinion, it is cured by the verdict. From all the authorities, it appears, that where there is a defect, imperfection or omission, which would be fatal, on demurrer, yet if the issue be such, as necessarily requires on the trial of the cause, proof of the facts omitted, or defectively, or imperfectly stated, without which, the party could not recover, it is cured by the verdict, for it is to be presumed, that these facts were -so proved. —11 Johnson, 143 Salk, 662, 2 *75 Johnson 550. 1st Call. 91 253. 1 Term Rep. 144. 2 Bacon Ab’r 24. 4 Bur. 2455. 1 Saunders 128. Con. 828. Bur 2018.
Where the declaration wants a statement of time, place, and other circumstances, these defects may be cured by a plea in bar, and the finding of ajury. 8 Co. 120, 7 Co. 25. Dyer 15, pl. 78, 396, pl. 62. Cro. Car. 209. Co. Lit. 303. C. Pow. 149. 1 Tidd’s prac. 405.
Again, a verdict will aid a title or claim defectively set out, but not a defective title or demand. That is, nothing is to be presumed, after verdict, which is not stated in the declaration, or necessarily implied therefrom. 2 Tidd’s prac. 827. Dong. 683.
In the present case, the plaintiff has shown a good cause of action, that is, a valuable consideration, and a promise to pay. The omission is, the time of the promise, and the value of the articles. Those defects or omissions are clearly within the foregoing rules, and are cured by the pleas, and the verdict of the jury. In the language of the authorities, it is a. good title, defectively set out. The amount and value of the goods, or the sum promised to have been paid therefor, must have been proved to the jury, or it is not be presumed, thej would have found for the plaintiff, and in establishing the sale of the goods, the date of the transaction must have appeared. The judgment of the Court below must be affirmed,